IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JAMES SASSER § | |
| § | |
| *Plaintiff,* § | |
| § | CIVIL ACTION NO. _____ |
| vs. § | |
| § | |
| WELLS FARGO BANK, N.A. § | |
| § | |
| *Defendant.* § | |

## NOTICE OF REMOVAL

Notice is hereby given that pursuant to 28 U.S.C. §§ 1331, 1332(a), 1441, and 1446, Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") removes this action from the 366th Judicial District Court of Collin County, Texas to the United States District Court for the Eastern District of Texas, Sherman Division, as follows:

### I.
### STATE COURT ACTION

1. On July 1, 2019, Plaintiff James Sasser ("Plaintiff") filed his Original Petition ("Petition") in the 366th Judicial District Court of Collin County, Texas, styled: *James Sasser, v. Wells Fargo Bank, N.A.*, No. 366-03490-2019 ("State Court Action").

2. In the State Court Action, Plaintiff seeks injunctive relief to preclude the foreclosure sale of the real property located at 6232 Dark Forest Drive, McKinney, Texas, 75070 (the "Property"). *See* Pet.¶ 22 – 24, Prayer. Plaintiff alleges that Wells Fargo failed to properly review and respond to numerous loan modification applications. *See id.* at ¶ 20. Plaintiff further asserts that Wells Fargo did not provide him with a single point of contact for the loan modification applications, made false representations regarding the loan modification(s), and failed to provide Plaintiff with a notice of default and opportunity to cure. *See id.* at ¶¶ 11, 18 – 21. Based on these

NOTICE OF REMOVAL                                                                                          PAGE 1

allegations, Plaintiff asserts claims for breach of contract, common law fraud, and violation of the Real Estate Settlement Procedures Act ("RESPA") and the Texas Debt Collection Act ("TDCA"). Plaintiff seeks temporary and permanent injunctive relief, actual and exemplary damages, and attorney fees and costs.

3. Wells Fargo was served with Citation and a copy of the Petition on July 9, 2019. Therefore, this removal is timely under 28 U.S.C. §§ 1446(b)(1), 1446(b)(2)(B).

4. Wells Fargo removes the State Court Action to this Court on the basis of federal question and diversity jurisdiction.

## II.
## PROCEDURAL REQUIREMENTS

5. This action is properly removed to this Court, as the lawsuit is pending within the district and division. *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(c)(3).

6. The United States District Court for the Eastern District of Texas, Sherman Division has original jurisdiction over this action based on both: (1) federal question jurisdiction because the Petition asserts claims arising under federal law; and (2) diversity jurisdiction because Defendant is now, and was at the time this action commenced, diverse in citizenship from Plaintiffs, and the amount in controversy exceeds the minimum jurisdictional amount. *See* 28 U.S.C. § 1332(a).

7. Pursuant to 28 U.S.C. § 1446(a) and Eastern District of Texas Local Rule CV-81, this Notice of Removal is accompanied by copies of the following materials:

   **Exhibit A**  Index of Matters Being Filed;

   **Exhibit B**  Civil Cover Sheet;

   **Exhibit C**  State Court Action Docket Transactions Sheet;

| | |
|---|---|
| **Exhibit C-1** | Plaintiffs' Original Petition; |
| **Exhibit C-2** | Certificate of Conference; |
| **Exhibit C-3** | Temporary Restraining Order; |
| **Exhibit C-4** | Certificate of Cash Deposit in lieu of Bond; |
| **Exhibit C-5** | Request for Issuance of Service; |
| **Exhibit C-6** | Issued Citations; |
| **Exhibit C-7** | Returns of Service; |
| **Exhibit C-8** | Wells Fargo's Original Answer; |
| **Exhibit D** | List of all parties in the case, their party type, and current status of the removed case; |
| **Exhibit E** | Name and address of the court from which the case is being removed; |
| **Exhibit F** | List of all counsel of record, including bar numbers, addresses, telephone numbers and parties represented; and |
| **Exhibit G** | Collin County Appraisal District Property valuation. |

8.  Concurrently with the filing of this Notice of Removal, Defendant is filing a copy of the Notice of Removal in the 366th Judicial District Court of Collin County, Texas pursuant to 28 U.S.C. § 1446(d).

### III.
### FEDERAL QUESTION JURISDICTION

9.  The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. *See* 28 U.S.C. § 1331. A case may be removed to federal court if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441; *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). A claim "arises under" federal law when either (1) the well-pleaded complaint establishes that federal law creates the cause of action; or (2) the Plaintiff's right to relief necessarily depends on

the resolution of a substantial question of federal law. *See Singh v. Morris*, 538 F.3d 334, 338 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)); *see also Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

10. Removal of the State Court Action is proper under 28 U.S.C. §§ 1331 and 1441 because it arises under the laws of the United States. Specifically, Plaintiff alleges that Wells Fargo violated the Real Estate Settlement Procedures Act ("RESPA"), a federal statute. *See* Pet. at ¶¶ 32 – 37. RESPA expressly grants this Court original jurisdiction to hear claims arising under RESPA. *See* 12 U.S.C. § 2614 (any RESPA action "may be brought in any United States district court . . . ."). Thus, Plaintiff's right to relief will necessarily depend upon the resolution of federal law. Accordingly, this Court has federal question jurisdiction.

## IV.
## SUPPLEMENTAL JURISDICTION

11. This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). As noted by the Supreme Court, "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants the federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'").

12. It is well established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims. *Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1977)). This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court. *Id.* at

806. Here, Plaintiff's state law claims share a common nucleus of operative facts with his federal claims in that Plaintiff's claims in this matter are all based on the same alleged wrongful conduct relating to the servicing of the subject loan and the foreclosure of the Property. *See generally* Pet. Therefore, supplemental federal jurisdiction exists over Plaintiff's state law claims.

## V.
## DIVERSITY JURISDICTION

13. Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court. *See* 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as Defendant. Additionally, this action involves an amount in controversy that exceeds $75,000, exclusive of interest and costs.

### A. THERE IS COMPLETE DIVERSITY AMONG THE PARTIES

14. Plaintiff is a natural person, thus his citizenship for diversity purposes is determined by "where [he is] domiciled, that is, where [he has] a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). Plaintiff is domiciled in Texas. *See* Petition at ¶ 2. Thus, Plaintiff is a citizen of Texas.

15. Wells Fargo is a national banking association organized under federal law. A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006). Under its articles of association, Wells Fargo's main office is located in South Dakota. Therefore, Wells Fargo is a citizen of South Dakota for diversity purposes. *See* 28 U.S.C. § 1348; *Wachovia Bank*, 546 U.S. at 318.

16. Because Plaintiff and Defendant are citizens of different states, there is complete diversity in this case.

B.   **AMOUNT IN CONTROVERSY**

17. Where there is complete diversity among parties, and where the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court. *See* 28 U.S.C. § 1332(a).

18. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (affirming district court's conclusion that it was "more probable than not" that damages were over $75,000 where the total amount of relief was not stated in the petition); *see also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]."); *Berry v. Chase Home Fin.*, LLC, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

19. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg.*, LLC, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d 1039, 1044 (W.D. Tex. 2010). Specifically, the *Farkas* Court held that: "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Id.* (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)). Thus, "'[w]hen … a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Nationstar Mortg. LLC v. Knox*, 351 Fed. App'x. 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg., L.L.C.*, 541 Fed. App'x. 340, 342 n.2 (5th Cir. 2013); *Copeland*

*v. U.S. Bank Nat'l Ass'n*, No. 11-51206, 485 Fed. App'x. 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims).

20. Further, the Court may also consider actual damages, exemplary damages, and attorney fees in determining the amount in controversy. *See White*, 319 F.3d at 675-76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7; *Rawlings v. Travelers Prop. Cas. Ins. Co.*, No. 3:07-CV-1608-O, 2008 WL 2115606, at **8-9 (N.D. Tex. May 20, 2008) (considering Plaintiffs' request for exemplary damages and potential recovery pursuant to Texas Civil Practice and Remedies Code § 41.008, and finding that the amount in controversy "more likely than not" exceeded $75,000); *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that when there is state statutory authority for the court to award attorney's fees … such fees may be included in the amount in controversy."); *Ray Mart, Inc. v. Stock Building Supply of Texas, L.P.*, 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (including potential award of attorney fees in calculating the amount in controversy).

21. Here, the amount in controversy is readily apparent on the face of the Petition. Plaintiff seeks injunctive relief to preclude Defendant from foreclosing on the Property. *See* Pet. at ¶¶ 22 – 24. As a result, the entire value of the Property is squarely at issue. *See Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue is an appropriate measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising their rights in the property); *Nationstar Mortgage LLC*, 351 F. App'x at 848; *Martinez*, 777 F. Supp. 2d at 1047; *Waller*, 296 F.2d at 547-48. According to the Collin County Appraisal District, the Property is currently valued at $239,518. *See* Ex. G.[1] Thus, the amount in controversy exceeds $75,000,

---

[1] Defendant respectfully requests that the Court take judicial notice of the Collin County Appraisal District Property Value, pursuant to Federal Rule of Evidence 201.

**NOTICE OF REMOVAL** **PAGE 7**

exclusive of interest and costs.

22. Plaintiff also seeks actual damages and exemplary damages. *See generally* Petition, Prayer. Although Wells Fargo vehemently denies that Plaintiff is entitled to any injunctive relief or damages, when the value of the Property, actual damages, and exemplary damages are all included in the amount in controversy calculus, it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.

23. Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Therefore, removal is proper.

## CONCLUSION

WHEREFORE, Wells Fargo removes this action from the 366th Judicial District Court of Collin County, Texas to the United States District Court for the Eastern District of Texas, Sherman Division so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

*/s/ Elizabeth Hayes*

**Robert T. Mowrey**
State Bar No. 14607500
rmowrey@lockelord.com
**Marc D. Cabrera**
State Bar No. 24069453
mcabrera@lockelord.com
**Elizabeth Hayes**
State Bar No. 24069001
elizabeth.hayes@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing instrument was served upon the following via e-serve and/or facsimile and/or certified mail pursuant to the Federal Rules of Civil Procedure on July 30, 2019.

 John G. Helstowski
 J. GANNON HELSTOWSKI LAW FIRM
 13601 Preston Rd., Suite E920
 Dallas, TX 75240
 *Counsel for Plaintiff*

            */s/ Elizabeth Hayes*
            Elizabeth Hayes